# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES O'DONNELL,<br><br>Plaintiff,<br><br>v.<br><br>SHERATON MINNEAPOLIS WEST, *et al.*,<br><br>Defendants. | Civil Action No.<br><br>19-18615 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

## **LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and *Forum Non Conveniens*. (ECF Nos. 8, 12). Plaintiff opposes the motion. (ECF No. 11). The Honorable Susan D. Wigenton, U.S.D.J., referred the motion to the undersigned for a Report and Recommendation. This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, and for good cause shown, the Court recommends that this matter be transferred to the U.S. District Court for the District of Minnesota and the Motion to Dismiss be **DENIED AS MOOT**.

### I.   BACKGROUND

Plaintiff Charles O'Donnell contends that in preparation for a business trip to Minneapolis, he researched hotels in that area via the internet from his home in New Jersey and then submitted his personal identifying and credit card information on defendant's website to make a room

reservation at the Sheraton Minneapolis West hotel in Minnetonka, Minnesota.[1] (O'Donnell Aff. ¶¶ 3-5, ECF No. 11). Plaintiff alleges that when he arrived at the hotel on January 11, 2018, he slipped and fell on an icy sidewalk, causing him to sustain physical and emotional injuries. (Compl. ¶¶ 1, 4, 8, ECF No. 1-2). Plaintiff resides in Westfield, New Jersey. (O'Donnell Aff. ¶ 1). Defendant Ashford TRS Five LLC d/b/a Sheraton Minneapolis West is a citizen of Delaware and Texas. (Notice of Removal ¶¶ 10-15, ECF No. 1).

Plaintiff brought negligence claims sounding in premises liability in the Superior Court of New Jersey, Law Division, Union County, and defendant removed the action to this Court on October 2, 2019. (*Id.* ¶ 1). Defendant now moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for improper venue pursuant to Rule 12(b)(3), and pursuant to the doctrine of *forum non conveniens*. Alternatively, defendant requests that this matter be transferred to the District of Minnesota pursuant to 28 U.S.C. § 1406(a).

## II. DISCUSSION

Although "[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue . . . a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). Indeed, courts in this District routinely exercise their discretion to address venue motions before motions to dismiss for lack of personal jurisdiction "[i]n the interest of judicial economy." *SPCK USA, Inc. v. Precision Couplings, LLC*, Civ. A. No. 18-10256 (KM), 2019 WL 102412, at *4 (D.N.J. Jan. 4, 2019). *See, e.g., Spiniello Cos. v. Moynier*, Civ. A. No.

---

[1] Although plaintiff's affidavit makes no mention of the internet, plaintiff's brief clarifies that he conducted his research online from New Jersey and booked his reservation at the Sheraton Minneapolis West via the hotel's website. (Pl. Opp. Br. at 4, ECF No. 11).

2

13-5145 (KM), 2014 WL 7205349, at *3 (D.N.J. Dec. 17, 2014) (transferring action pursuant to § 1406(a) and declining to reach motion to dismiss for failure to state a claim or for lack of personal jurisdiction); *C.O. Truxton, Inc. v. Blue Caribe, Inc.*, Civ. A. No. 14-4231 (RBK), 2014 WL 6883145, at *4 (D.N.J. Dec. 5, 2014) (same); *J.F. Lomma, Inc. v. Stevenson Crane Servs., Inc.*, Civ. A. No. 10-3496 (SDW), 2011 WL 463051, at *3 (D.N.J. Feb. 3, 2011) (same). Addressing defendant's motions in this order is appropriate where, as here, the parties agree that transfer of venue under 28 U.S.C. § 1406(a) may be available, and "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Thus, the Court proceeds directly to defendant's motion to dismiss for improper venue.

In evaluating a motion to dismiss pursuant to Rule 12(b)(3), the Court accepts the allegations in the complaint as true, unless they are contradicted by defendants' sworn statements. *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012). Defendants bear the burden of showing that venue is improper. *Id.* at 160.

Rule 12(b)(3) authorizes dismissal of an action filed in an "improper" venue. To determine whether venue is proper, courts look to the federal venue statue, which provides that a "civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is

3

improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). However, "[d]ismissal is considered to be a harsh remedy . . . and transfer of venue to another district court in which the action could originally have been brought [pursuant to § 1406(a)], is the preferred remedy." *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 319 (D.N.J. 1998).

There is no genuine dispute that venue does not lie in the District of New Jersey. With respect to § 1391(b)(1), defendant Ashford TRS Five LLC d/b/a Sheraton Minneapolis West is a citizen of Delaware and Texas and operates a hotel in Minnesota; it does not reside in New Jersey. With respect to § 1391(b)(2), the Court looks to "the location of those events or omissions giving rise to the claim." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (quotation omitted). Here, plaintiff's claim arises in its entirety from his alleged fall on an icy sidewalk at a hotel in Minnesota. The fact that plaintiff booked his hotel reservation from his home in New Jersey has, at best, "some tangential connection with the dispute," but is not so substantial as to confer venue on this Court. *Id.* Finally, the Court need not consider § 1391(b)(3) as the parties agree that venue would be proper in the District of Minnesota under § 1391(b)(2) and the case could originally have been brought there. *See* Def. Br. in Support of Motion to Dismiss at 17-19, ECF No. 8-2; Pl. Opp. Br. at 8-9, ECF No. 11. Accordingly, venue in the District of New Jersey is improper under § 1391(b). But, in lieu of dismissal, and with the consent of both parties, the Court recommends that this action be transferred to the U.S. District Court for the District of Minnesota pursuant to 28 U.S.C. § 1406(a).

### III.   CONCLUSION

For the foregoing reasons, the Court recommends that this matter be transferred to the U.S. District Court for the District of Minnesota pursuant to 28 U.S.C. § 1406(a) and that defendant's

4

Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and *Forum Non Conveniens* be **DENIED AS MOOT**. The parties are hereby advised that, pursuant to Fed. R. Civ. P. 72(b)(2), they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated: January 28, 2020

*[signature]*
Hon. Leda Dunn Wettre
United States Magistrate Judge